## SUPREME LODGE KNIGHTS OF PYTHIAS OF THE WORLD v. WILSON.

(Circuit Court of Appeals, Fifth Circuit. February 12, 1895.)

No. 258.

1. REMOVAL OF CAUSES—WHAT CONSTITUTES RECORD.

The petition for removal of a cause from a state to a federal court forms part of the record in such cause, and when such record, including the petition, shows the suit to be one of which the federal court would have original jurisdiction, it may be removed.

2. MUTUAL BENEFIT INSURANCE—CONDITION PRECEDENT—GOOD STANDING.

One W. made application for membership in a mutual benefit society, agreeing to conform to and obey its laws, rules, and regulations, or submit to the penalties therein contained. Certificates were thereupon issued to him, entitling his wife, as beneficiary, to $3,000 insurance upon his life. One condition of such certificates was that W. should be in good standing at the time of his death. Seven months before his death, W. was suspended from the society for misconduct. He was notified of the proceedings against him, but did not appear to defend against the charge, and did not take an appeal, as he was permitted to do by the rules of the society. After W.'s suspension, no dues were charged against him or paid by him. His widow brought an action to recover the amount of the insurance. *Held* that, as W. had ceased to be a member of the society in good standing, and had not availed himself of the remedies provided by the rules of the society, nor resorted to direct legal proceedings to obtain reinstatement, there could be no recovery.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Alabama.

This was an action by Mattie Wilson, widow of William R. Wilson, against the Supreme Lodge Knights of Pythias of the World, to recover upon a certificate of insurance upon the life of said William R. Wilson. The action was brought in a court of the state of Alabama, and was removed by the defendant into the United States circuit court, where the plaintiff recovered a judgment. Defendant brings error. Reversed.

Oscar R. Hundley, for plaintiff in error.

R. W. Walker, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. The defendant in error, who was the plaintiff in the court below, sued the plaintiff in error in the state court on a certificate of membership in the Endowment Rank of the order of Knights of Pythias; said certificate of membership having been issued to William R. Wilson, the husband of the defendant in error, she being named therein as beneficiary. The cause was removed upon the petition of the plaintiff in error to the United States circuit court. Upon the trial a judgment was rendered for the plaintiff in the court below, and a writ of error sued out to this court to reverse that judgment. The plaintiff in error now moves the court to reverse the judgment, and to remand the cause to the circuit court, with instructions to remand the same to

the state court from which it was removed, on the ground that the complaint of the plaintiff below fails to show that the suit was one arising under the constitution and laws of the United States, of which the circuit court of the United States has jurisdiction. The authority relied on to support this motion is the case of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654. There were three cases disposed of by that decision, one of which was a case of removal from the state to the federal court. The only federal question that could have been raised in these cases was a matter of defense, which might or might not arise. As we understand that decision, so far as applicable to this case, it is that a defendant is not entitled to remove from the state court into the circuit court of the United States any suit against him in respect to which the original jurisdiction of the federal court would not be invoked by the plaintiff, even where his defense to the cause of action was based entirely upon the constitution and laws of the United States; in other words, that the right of a defendant in a suit to remove it from the state court to the federal court depends upon the inquiry whether the suit was one in respect to which the original jurisdiction of the federal court could be invoked by the plaintiff in the suit. The court, in effect, holds that the federal court should remand to the state court a suit which the record at the time of removal failed to show was within the jurisdiction of the federal court; that it cannot retain it in order to see whether the defendant may not raise some question of a federal nature upon which the right of recovery will finally depend. The statutes authorize the jurisdiction of the federal court to be invoked in a suit where the matter in dispute exceeds the value of $2,000, and arises under the constitution and laws of the United States, or in which there is a controversy between citizens of different states. The declaration in this case shows the matter in dispute to exceed the value named, but it does not show the diverse citizenship of the parties, or that the plaintiff in error is a corporation of the United States. It appears, however, from the petition for removal that the plaintiff in error is a corporation created and organized under the acts of congress, and that it was at the time of the commencement of the suit a citizen of the District of Columbia. The existence of these facts gives the United States circuit court original jurisdiction. In Water Co. v. Keyes, 96 U. S. 199, the court said:

"For the purposes of a transfer of a cause the petition for removal performs the office of pleading. The record in the state court, which includes the petition for removal, should be in such a condition, when the removal takes place, as to show jurisdiction in the court to which it goes."

The record of this case in the state court shows this suit to be one of original jurisdiction in the United States circuit court, which could have been invoked by the plaintiff in the suit. We think, therefore, that, tested by the rule announced in Tennessee v. Union & Planters' Bank, supra, this case is within the jurisdiction of the United States circuit court. The motion to reverse and remand the cause for the want of jurisdiction is overruled.

The facts in this case are that William R. Wilson, who was at the time a member in good standing of Franklin Lodge, No. 19, Knights of Pythias, of Russellville, Ala., made application in due form to become a member of section 304 of the Endowment Rank of Knights of Pythias, agreeing in his application "to conform to and obey the laws, rules, and regulations of the order governing the rank now in force, or that hereafter may be enacted, or submit to the penalties therein contained." Certificates were thereupon issued to said Wilson in the first and second classes, which were afterwards, at his request, changed to the fourth class, under the same terms and conditions, and Mattie Wilson, the defendant in error, was made the beneficiary under said certificate. One of the conditions for the payment of the $3,000, as provided in said certificate, is that said William R. Wilson shall be in good standing in the rank at the time of his death. Wilson died on December 16, 1887. On the 28th of May, 1887, he was suspended by said Franklin Lodge, No. 19, for "conduct unbecoming a knight." Of the proceedings of the lodge he had due notice by the proper officer whose duty it was to give him such notice, said officer testifying that the "forms of procedure and laws of the order, as laid down in the code of procedure in force at the time of the suspension, were followed to the letter." Wilson did not appear and defend against the charge, and was not present at the trial. He took no appeal from the decision of the lodge, nor did he ask for a new trial, nor was he thereafter reinstated in the lodge. Subsequent to May, 1887, no assessment for dues was made against him, and he paid no dues. The suspension was duly reported to the endowment rank. The laws, rules, and regulations of the order bearing upon the questions at issue were introduced in evidence. They provide that either party may appeal from the decision of the order in a case of suspension; if in a subordinate lodge, the appeal to be taken to the grand lodge; and they provide that the accused may, within a time specified therein, apply for a new trial. They also provide that whenever a member of the endowment rank is suspended from his lodge his membership in the endowment rank ceases from the time of such suspension.

There are several assignments of error; among others, that the court erred in giving the charge that, "if the jury believe the evidence, they must find for the plaintiff." The exception to this charge raises every question which is material in the case. The right of the defendant in error (the plaintiff below) to recover must rest upon the ground that her husband was at the time of his death a member in good standing of the Endowment Rank of the order of Knights of Pythias, the defendant below. Before his death, he had been suspended from his lodge, and from the time of such suspension his membership in the endowment rank ceased. The defendant in error claims that the proceedings against her husband were irregular and illegal, and did not conform to the laws and regulations of the order. Under the laws and rules of the society, to which he voluntarily subscribed, he had an appeal to the grand lodge, to which he could have resorted. He failed to take any appeal from the decision of suspension, and must be held

to have acquiesced in it. "Members of private societies and associations must exhaust the remedies given them by the rules of the society before appealing to the courts for relief." Jeane v. Grand Lodge (Me.) 30 Atl. 70. The decided weight of authority is that a member of a mutual benefit society must resort for the correction of an alleged wrong done to him as such member to the tribunals of the society, and, when the proceedings are regular, the action of the society is conclusive, and cannot be inquired into collaterally. State v. Grand Lodge (N. J. Sup.) 22 Atl. 63. The method of suspension or expulsion, as provided by the laws and rules of the society, must be strictly complied with. But if the suspension is irregular and illegal (which we do not find to have been the case here) the remedy for such irregular and illegal suspension is a writ of mandamus. State v. Grand Lodge, supra; 5 Am. & Eng. Enc. Law, 688, 689, and note; Society v. Weatherly, 75 Ala. 248. As said by the supreme court of Maine in the case of Jeane v. Grand Lodge, supra:

"It is just and reasonable to hold that when a member of such society has a remedy, under the rules of his order, from any supposed erroneous action injurious to himself, he should first exhaust that remedy, before appealing to the courts for relief. It is quite apparent that the efficiency of such organizations cannot be maintained if a member may, at his pleasure, remove such controversies into the civil courts, to the exclusion of the tribunals which have been established for their adjudication."

The court erred in instructing the jury to find for the plaintiff, and in refusing to charge them to return a verdict for the defendant. The judgment is therefore reversed, and the cause remanded. Reversed and remanded.