## WOOD v. DRAKE et al.

(Circuit Court, D. Washington, S. D. December 4, 1895.)

REMOVAL OF CAUSES—SUITS AGAINST FEDERAL OFFICERS—FACTS NOT APPEARING IN COMPLAINT.

> An action for damages for false imprisonment, based upon acts done by the defendants as marshal and deputy marshal of the United States, in execution of process of a federal court, is, without regard to the citizenship of the parties, within the jurisdiction of the federal courts, and may be removed thither from a state court, although the complaint is so framed as to conceal the fact that the defendants were acting as federal officers if that fact must necessarily be shown by the plaintiff upon the trial and is disclosed by the petition for removal.

At law. An action by Mary C. Wood to recover damages for false imprisonment. Motion to remand. Denied.

Brents & Clark and P. J. Cavanaugh, for plaintiff.

Ben Sheeks, D. J. Crowley, and J. L. Sharpstein, for defendants.

HANFORD, District Judge. This action was commenced in the superior court of this state for the county of Walla Walla. The complaint charges that the defendants, conspiring together to oppress and injure the plaintiff, wrongfully assaulted, arrested, and imprisoned her, and against her will transported her from her home, in Walla Walla county, to Seattle, and other places in this state, thereby compelling her to employ counsel and give bail and incur expense in order to regain her liberty and return to her home; and subjecting her to other injuries and indignities not specifically described. The defendants in due time each filed a petition and bond for removal of the case to this court, and caused a transcript of the record to be filed, and the case docketed. In their petition they allege that the defendant Drake is the United States marshal for the district of Washington; that the defendant Parker is his deputy; and that the acts alleged in the plaintiff's complaint were committed by them in execution of process of the United States court, lawfully issued, requiring them to apprehend and keep the plaintiff in custody until lawfully discharged; and for that reason they assert that the action is one arising under the laws of the United States. The plaintiff has answered said petition, practically admitting the particular facts set forth therein, but denies that she is the person whom the marshal was required to arrest under the process described in the answer.

On the ground that the complaint does not disclose any fact upon which the jurisdiction of this court can be predicated, the plaintiff relies upon the decisions of the supreme court in the cases of Tennessee v. Bank, 14 Sup. Ct. 654, 152 U. S. 454; Chappell v. Waterworth, 15 Sup. Ct. 34, 155 U. S. 102; Cable Co. v. Alabama, 15 Sup. Ct. 192, 155 U. S. 482; Land Co. v. Brown, 15 Sup. Ct. 357, 155 U. S. 488,—and denies that this court has jurisdiction of the action, and has moved to remand it to the state court, in which it was originally commenced. The case, as stated in the pleadings, presents an issue as to the lawful or unlawful conduct of the United States

marshal, when acting as the arm of the federal courts in this state, in executing their precepts. Upon the trial, facts must necessarily be shown by the plaintiff, in proving her side of the case, sufficient to raise the issue. Therefore the action is one which could have been brought originally by the plaintiff in this court, without changing the nature of the action, or pleading additional facts. A full and clear statement of the transactions referred to in the complaint would have been sufficient to support the jurisdiction of this court. An action against a United States marshal and his deputy, growing out of their acts in executing the process of a court of the United States, is, regardless of citizenship of the parties, within the jurisdiction of the United States circuit court for the proper district; and this is so even when there is no disputed question of federal law in the case (Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677; Grant v. Bank, 47 Fed. 673); and I hold that a case in which an attack upon the official acts of a United States marshal is made covertly, by suppressing the facts which constitute an essential part of the res gestæ in the first pleading, is none the less a case arising under the laws of the United States. If the case is one which the plaintiff might have brought originally in a circuit court of the United States, the defendant cannot fairly be deprived of his right to remove the case into the federal court by the ingenuity of attorneys in pleading. In such a case, when the complaint fails to set forth with sufficient fullness the facts upon which the plaintiff's case is founded, the petition for removal may be considered by the federal court in passing upon jurisdictional questions. Supreme Lodge v. Wilson, 14 C. C. A. 264, 66 Fed. 785. The decisions of the supreme court affecting the question under consideration must be classified. There is one line of cases in which the doctrine is maintained that a case is not within the jurisdiction of the circuit court by reason of the subject-matter giving to the case the character of a case arising under the constitution, laws, or treaties of the United States, unless the pleadings present an actual disputed question, not previously decided by the supreme court, as to the application, construction, or interpretation of some specific provision of the federal constitution or laws, or of some treaty made by the United States. For example, see Water Co. v. Keyes, 96 U. S. 199–204; Starin v. New York, 115 U. S. 257, 6 Sup. Ct. 31; Carson v. Dunham, 121 U. S. 421–430, 7 Sup. Ct. 1030. There is another line of cases in which the supreme court has steadfastly maintained that all actions which bring into question the acts or rights of corporations or officials created by or representing the national government are cases arising under the laws of the United States, although the only disputed questions to be determined therein may be governed by the rules of the common law or local statutes or usages. Mere collection cases, and actions for the recovery of damages for personal injuries, which may be tried and determined without requiring the court to pass upon any question of federal law, have nevertheless been held to be cases arising under the laws of the United States by reason of the character or capacity of the party or parties on one side. For example, see Pacific Railroad Removal Cases, 115

U. S. 1, 5 Sup. Ct. 1113; Bock v. Perkins, 139 U. S. 630, 11 Sup. Ct. 677; Railroad Co. v. Amato, 144 U. S. 465–475, 12 Sup. Ct. 740; Railroad Co. v. Cox, 145 U. S. 593–608, 12 Sup. Ct. 905. The case at bar belongs to the class of cases last above cited. There is another important principle often enunciated with emphasis in the decisions of the supreme court, which applies to this case. It is this: The national government must be permitted to exercise its power within the states through its own agencies. The national courts are the proper tribunals for adjudicating all questions as to the validity of their own process, and the lawfulness of the acts of their own ministers in executing the same. Martin v. Hunter, 1 Wheat. 304; McCulloch v. Maryland, 4 Wheat. 316; Cohens v. Virginia, 6 Wheat. 264; Weston v. Charleston, 2 Pet. 449; Ableman v. Booth, 21 How. 506; Collector v. Day, 11 Wall. 113; Tennessee v. Davis, 100 U. S. 257; Ex parte Siebold, Id. 371; Ex parte Yarbrough, 110 U. S. 651, 4 Sup. Ct. 152; In re Neagle, 135 U. S. 1, 10 Sup. Ct. 658.

The motion to remand is denied.