UNION TIMBER PRODUCTS CO. v. UNITED STATES SHIPPING BOARD
EMERGENCY FLEET CORPORATION.

(District Court, W. D. Washington, N. D.   July 19, 1918.)

No. 4102.

REMOVAL OF CAUSES ⊙⟶19(8)—REMAND—"ACTION ARISING UNDER THE CON-
STITUTION OR LAWS."

An action by a shipbuilding company against the Emergency Fleet
Corporation organized under Act March 3, 1901, pursuant to the United
States Shipbuilding Act (Comp. St. 1916, §§ 8146a–8146r), upon an alleged
contract for the building of ships, which it was not allowed to build, is
an action arising under the Constitution and laws of the United States,
and is not subject to remand from the federal District Court to the state
court.

[Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Arising.]

At Law.   Action by the Union Timber Products Company against
the United States Shipping Board Emergency Fleet Corporation.   On
plaintiff's motion to remand the cause to the state court.   Motion de-
nied.

Wm. E. Humphrey, Kerr & McCord, Hadley & Hadley, and Wm.
D. Totten, all of Seattle, Wash., for plaintiff.

Howard G. Cosgrove, of Seattle, Wash., for defendant.

CUSHMAN, District Judge.   The plaintiff sues the defendant, the
United States Shipping Board Emergency Fleet Corporation, upon an
alleged contract for the building of ships, which, it is alleged, it was
not allowed to build.   Plaintiff now moves the remanding of the cause
to the state court.

The defendant was incorporated under the laws of Congress enacted
for the District of Columbia (Act March 3, 1901, c. 854, 31 Stat. 1189,
c. 18, subc. 4, § 605 et seq., pp. 1284, 1285), the incorporation there-
under being pursuant to the law commonly called the United States
Shipbuilding Act, which act, after creating a board of five commission-
ers, provides, among other things:

"The board, if in its judgment such action is necessary to carry out the
purposes of this Act, may form under the laws of the District of Columbia
one or more corporations for the purchase, construction, equipment, lease,
charter, maintenance, and operation of merchant vessels in the commerce
of the United States. The total capital stock thereof shall not exceed $50,000,-
000. The board may, for and on behalf of the United States, subscribe to,
purchase, and vote not less than a majority of the capital stock of any such
corporation, and do all other things in regard thereto necessary to protect
the interests of the United States and to carry out the purposes of this act.
The board, with the approval of the President, may sell any or all of the
stock of the United States in such corporation, but at no time shall it be a
minority stockholder therein: Provided, that no corporation in which the
United States is a stockholder, formed under the authority of this section,
shall engage in the operation of any vessel constructed, purchased, leased,
chartered, or transferred under the authority of this Act unless the board

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shall be unable, after a bona fide effort, to contract with any person a citizen of the United States for the purchase, lease, or charter of such vessel under such terms and conditions as may be prescribed by the board.

"The board shall give public notice of the fact that vessels are offered and the terms and conditions upon which a contract will be made, and shall invite competitive offerings. In the event the board shall, after full compliance with the terms of this proviso, determine that it is unable to enter into a contract with such private parties for the purchase, lease, or charter of such vessel, it shall make a full report to the President, who shall examine such report, and if he shall approve the same he shall make an order declaring that the conditions have been found to exist which justify the operation of such vessel by a corporation formed under the provisions of this section.

"At the expiration of five years from the conclusion of the present European war the operation of vessels on the part of any such corporation in which the United States is then a stockholder shall cease and the said corporation stand dissolved. The date of the conclusion of the war shall be declared by proclamation of the President. The vessels and other property of any such corporation shall revert to the board. The board may sell, lease, or charter such vessels as provided in section seven and shall dispose of the property other than vessels on the best available terms and, after payment of all debts and obligations, deposit the proceeds thereof in the Treasury to its credit. All stock in such corporations owned by others than the United States at the time of dissolution shall be taken over by the board at a fair and reasonable value and paid for with funds to the credit of the board. In case of disagreement, such value shall be determined in the manner provided in section ten."

Act Sept. 7, 1916, c. 451, § 11, 39 Stat. 731 (Comp. St. 1916, § 8146f).

The question for determination is whether the present action is a suit arising under the Constitution and laws of the United States. It is clear that it is such a suit, and the motion to remand is denied. Cohen v. Virginia, 6 Wheat. (19 U. S.) 264, at 421–428, 5 L. Ed. 257; Osborn v. United States Bank, 9 Wheat. 738, at 820–825, 6 L. Ed. 204; Pacific R. R. Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319; Ore. Short Line v. Skottowe, 162 U. S. 490, 16 Sup. Ct. 869, 40 L. Ed. 1048; K. of P. v. Withers, 177 U. S. 260, 20 Sup. Ct. 611, 44 L. Ed. 762; K. of P. v. Kalinski, 163 U. S. 289, 16 Sup. Ct. 1047, 41 L. Ed. 163; P. K. Supreme Lodge v. Beck, 181 U. S. 49, 21 Sup. Ct. 532, 45 L. Ed. 741; Creswill v. K. of P., 225 U. S. 248–258, 32 Sup. Ct. 822, 56 L. Ed. 1074; Lyons v. Bank of Discount (C. C.) 154 Fed. 391; Supreme Lodge of K. P. W. v. Wilson, 66 Fed. 785, 14 C. C. A. 264; Boyd v. G. W. C. & C. Co. (C. C.) 189 Fed. 115; Supreme Lodge, K. of P., v. England, 94 Fed. 369, 36 C. C. A. 298.