## LEON v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

(District Court, S. D. New York. April 11, 1921.)

Seamen ⊙=29(5)—Action at law for injuries must be brought in district where employer resides or has principal office.

Under Act June 5, 1920, § 33, amending Seamen's Act March 4, 1915, § 20, authorizing a seaman suffering personal injuries to sue at law for damages and providing that jurisdiction shall be in the court of the district in which the employer resides or in which his prncipal office is located, the action cannot be maintained in a district other than that specified.

At Law. Action by Max Leon against the United States Shipping Board Emergency Fleet Corporation and others. On motion to dismiss. Motion granted, with leave to amend.

Silas B. Axtell, of New York City, for plaintiff.

Francis G. Caffey, U. S. Atty., and John E. Walker, Sp. Asst. U. S. Atty., both of New York City, for defendant Emergency Fleet Corporation.

MAYER, District Judge. Defendant United States Shipping Board Emergency Fleet Corporation has appeared specially and moved that the action be dismissed on the ground of lack of jurisdiction. The action is brought by a seaman to recover damage for personal injury alleged to have been sustained by him in the course of his employment. The complaint alleges:

"First. Upon information and belief, that at all the times hereinafter mentioned the United States Shipping Board Emergency Fleet Corporation was and still is a foreign corporation, organized and existing under and by virtue of the laws of the District of Columbia, and at all said times was and now is doing business in the state of New York and Southern district of New York."

The complaint does not allege where the principal office of the United States Shipping Board Emergency Fleet Corporation "is located." The

action is predicated upon the act of Congress approved June 5, 1920, section 33 of which (41 Stat. 1007) amended section 20 of the Seamen's Act approved March 4, 1915. That statute reads as follows:

"That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States, modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

The jurisdiction of this court is based on section 24 of the Judicial Code (Comp. St. § 991), which provides:

"The District Courts shall have original jurisdiction as follows:
"First. Of all suits of a civil nature, at common law * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,000 and (a) arises under the Constitution or laws of the United States. * * *"

It is not denied that the court has original jurisdiction of the cause of action. The question to be decided is whether the District Court for the Southern District of New York has jurisdiction. The legislation above quoted confers upon seamen rights which they did not theretofore have. In the federal Employers' Liability Act, section 6 (Comp. St. § 8662) provides that an action "may be brought * * * in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." In the Act of June 5, 1920, quoted supra, it will be noted that the jurisdiction is confined to the "court of the district in which the defendant employer resides or in which his principal office is located." The language is, "Jurisdiction in such actions shall be. * * *"

Nothing has been submitted to enlighten the court as to the reason for this provision. It would seem that Congress intended that jurisdiction should be in that district which could be definitely ascertained. In other words, it is very difficult at times to determine whether a defendant is "doing business" within a certain territory. It is sometimes difficult to determine where a cause of action arose. The act, quoted supra, is very clear, and undoubtedly was enacted as much in the interest of seamen as of a defendant. It enables the seamen to lay the venue with accuracy and it does not require the defendant to defend the litigation at some point distant from his or its residence or principal office.

It may be inconvenient at times, and apparently, as applied to the Fleet Corporation, it would seem inconvenient, that the cause should be tried distant from the port where the accident is said to have occurred. However, the sole duty of the court is to construe the statute, as it finds it, and to leave to the Legislature the question of amending the statute, if the legislative body deems such amendment necessary or proper. If I am in error, a review can be promptly had and the error

corrected. If, on the other hand, I hold there is jurisdiction, plaintiff may obtain judgment, only to find, after a considerable time, that the court was without jurisdiction, as in Philadelphia & Reading Railway Co. v. McKibbin, 243 U. S. 264, 37 Sup. Ct. 280, 61 L. Ed. 710.

It may be that plaintiff may be able to show that the principal office of the Fleet Corporation, within the meaning of the statute, is within this jurisdiction.

Motion granted, with leave to plaintiff to amend within 20 days.