## YASELLI v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

(District Court, S. D. New York. April 7, 1924.)

**Courts ⚙═270—Where jurisdiction of federal court depends on federal question, suit must be brought in district of which defendant is inhabitant.**

Where the jurisdiction of a federal court depends on the fact that the cause arises under a law of the United States, under Judicial Code, § 51 (Comp. St. § 1033), suit may be brought only in the district of which defendant is an inhabitant, where by special appearance defendant raises the question of jurisdiction.

At Law. Action by E. Paul Yaselli against the United States Shipping Board Emergency Fleet Corporation and another. On objection to jurisdiction. Sustained, and complaint dismissed.

S. Lawrence Miller, of New York City, for plaintiff.

Wm. Hayward, U. S. Atty., of New York City, for defendant.

LEARNED HAND, District Judge. The jurisdiction of this court cannot rest on diversity of citizenship, because both defendants are citizens of the District of Columbia. Hoos v. Jamieson, 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049; Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825. Therefore, if there is any jurisdiction whatever, it must rest upon the fact that the case arises under a federal law. There is authority for this in the District Court. Union Timber Product Co. v. Emergency Fleet Corp., 252 Fed. 320; Ingram Day Lumber Co. v. Emergency Fleet Corp., 267 Fed. 283; Harry Porter Co. v. Emergency Fleet Corp., 284 Fed. 397 (D. C. S. D. N. Y. per A. N. Hand, J., filed January 9, 1922).

However, it is not necessary to decide that question in the case at bar. If the case does not arise under any federal law, this court has no substantive jurisdiction; if it does, it must be brought in the district of which the defendant is an inhabitant, under section 51 of the Judicial Code (Comp. St. § 1033). The Fleet Corporation is an "inhabitant" of the District of Columbia, and not of the Southern district of New York, no matter whether it does business here or not. In re Keasbey, 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402. The point, being taken specially, is good.

Complaint dismissed for lack of jurisdiction.

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes