### CACERES v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

(District Court, E. D. New York. May 29, 1924.)

1. **Courts ☞274—Jurisdiction of action for personal injury; "principal office" of corporation.**

In Merchant Marine Act 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), providing that jurisdiction of an action by a seaman for personal injury "shall be under the court of the district in which the defendant employer resides or in which his principal office is located," the term "principal office" is not used as synonymous with "principal place of business," but in case of a corporation means its head office, the place where the principal officers generally transact business and to which reports are made and from which orders emanate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Principal Office.]

2. **Courts ☞274—Jurisdiction of action against Fleet Corporation in District of Columbia.**

For the purposes of an action by a seaman for personal injury against the Emergency Fleet Corporation, under Merchant Marine Act 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), which gives jurisdiction to the court of the district in which the defendant resides or has its principal office, the defendant resides and has its principal office in the District of Columbia.

3. **Removal of causes ☞112—In action for injury, objection to jurisdiction not waived by removal of cause.**

While the provision of Merchant Marine Act 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), requiring an action by a seaman for injury to be brought in the district in which defendant resides or has his principal office, relates to venue only, and may be waived by defendant, and is waived by a general appearance, it is not waived by the removal of the cause by defendant from a state to the federal court.

4. **Courts ☞268—"Jurisdiction" of action by seaman for personal injury.**

Under Merchant Marine Act 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), providing that jurisdiction of an action by a seaman for personal injury shall be under the court of the district in which the defendant employer resides or in which his principal office is located, the

word "jurisdiction" does not relate to the general jurisdiction of the court, but to venue only.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction (of Courts).]

At Law. Action by Luis Caceres against the United States Shipping Board Emergency Fleet Corporation and the United States Line. On motion of the Fleet Corporation to dismiss for want of jurisdiction. Granted as to Fleet Corporation.

Frederick R. Graves, of New York City, for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Edgar G. Wandless, of New York City, of counsel), for defendants.

CAMPBELL, District Judge. This is a motion made by the defendant United States Shipping Board Emergency Fleet Corporation, pursuant to section 278 of the Civil Practice Act and rule 107 of the Rules of Civil Practice, for the direction of judgment dismissing the complaint herein, on the ground that the court has no jurisdiction of the person of the defendant.

So much of section 278 of the Civil Practice Act of the state of New York as is necessary for consideration in the action at bar reads as follows:

"Sec. 278. *Certain Objections; When Waived.* An objection on either of the following grounds, appearing on the face of a pleading, is waived unless taken by motion:

"1. As to the complaint: (a) that the court has not jurisdiction of the person of the defendant in cases where jurisdiction may be acquired by his consent."

So much of rule 107 of the Rules of Civil Practice of the state of New York as is necessary for consideration in the action at bar reads as follows:

"Rule 107. *Motion for Judgment; When the Defect Does Not Appear on Face of Complaint.* Within twenty days after the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, or one or more causes of action stated therein, on the complaint and affidavit stating facts tending to show:

"1. That the court has not jurisdiction of the person of the defendant."

[1] This action was brought in the New York Supreme Court in Richmond county, and before the time to answer expired the said action was removed into this court. The action is brought for damages alleged to have been suffered by the plaintiff, a seaman, while in the employ of the defendants, on a steamship owned or leased and operated by them, through the negligence of the defendants, their agents, or servants. This action was brought under section 33 of the Merchant Marine Act of June 5, 1920, c. 250 (Comp. St. Ann. Supp. 1923, § 8337a), which reads as follows:

"Sec. 33. [*Personal Injuries—Damages—Death—Personal Representatives, Jurisdiction in Actions—Sec. 20 of Act of March 4, 1915, Amended.*] That section 20 of such Act of March 4, 1915, be, and is, amended to read as follows:

" 'Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at

law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides, or in which his principal office is located.'"

From the foregoing section it appears that:

"Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

[4] The word "jurisdiction," as used in the act, does not relate to the general jurisdiction of the court, but to venue only. The defendant United States Shipping Board Emergency Fleet Corporation was organized under an Act of Congress of September 7, 1916, c. 451, § 3 (Comp. St. § 8146b), at the city of Washington, in the District of Columbia, which is the place of residence, for jurisdictional purposes, of said corporation. St. Louis v. Ferry Co., 78 U. S. (11 Wall.) 423, 20 L. Ed. 192, in which case, at page 429, Mr. Justice Swayne, writing for the court, says:

"In the jurisprudence of the United States a corporation is regarded as in effect a citizen of the state which created it. It has no faculty to emigrate."

The words "principal office" have a definite meaning, especially when applied to a corporation, in which case they mean the head office, the place where the principal officers generally transact business, and the place to which reports are made and from which orders emanate.

Plaintiff seems to confuse the meaning of "principal office" with "principal place of business," but the words are not synonymous, at least in this state. Mason & Hanger Co. v. Sharon, 231 Fed. 861, 146 C. C. A. 57, in which case, at page 864 (146 C. C. A. 60), Judge Rogers says:

"The terms 'principal place of business' and 'principal office' are by no means synonymous, and are not used as synonymous in the New York General Corporation Law."

[2] From the affidavits offered by the defendant in the case at bar it clearly appears that the principal office of the said defendant is and was at the time of the commencement of this action at Washington, D. C., and this has also been determined by the master to whom the question was referred in two actions brought in the United States District Court for the Southern District of New York, one by Max Leon against the United States Shipping Board Emergency Fleet Corporation (see 286 Fed. 681), and the other by Lucien V. Axtell, Jr., as administrator, etc., of Cornelis L. Verhoef against the United States Shipping Board Emergency Fleet Corporation (see 286 Fed. 165), in each of which he made a report; the actions being indexed respectively

as follows L. 24–323 and L. 25–267, and the concluding words thereof being:

"The Fleet Corporation itself has always regarded Washington as the place where its head office is situated, and I report that the principal office or principal place of business of the defendant United States Shipping Board Emergency Fleet Corporation is not located in the Southern district of New York."

Plaintiff's attorney contends that the greater part of the business of the defendant is conducted at the port of New York, and that the office in New York is the principal office. But this is not the true test, as I have hereinbefore shown. In my opinion, the principal office of the said defendant is at Washington, D. C., and under the Merchant Marine Act, supra, the action at bar should have been brought in a court in the District of Columbia.

[3] Congress by that act gave to seamen rights they did not enjoy before its passage; and Congress had the right to couple with the gift of such rights the obligation to bring the action under said act in the District, where the defendant resided or had its principal office. The requirement of the section as to jurisdiction or venue was one for the benefit of the defendant, and could have been waived by it. Panama R. Co. v. Johnson (C. C. A.) 289 Fed. 964. And had the said defendant appeared generally, and failed to object to the jurisdiction of the court, it would have waived the question, and this court would have had jurisdiction of the said defendant. Panama R. Co. v. Johnson, supra.

The opinion of the court in that case, however, seems to plainly show that, if the defendant appears specially and moves to dismiss, the motion should be granted, for at page 985, Judge Rogers, speaking for the Circuit Court of Appeals, says:

"We think that the District Court for the Eastern District of New York had jurisdiction of this action, although it was not brought in the district in which the defendant resides or in which its principal office is located; the defendant having waived its privilege of requiring the suit to be brought in the district of its residence by not having appeared specially and objected to the jurisdiction."

The decision of the Circuit Court of Appeals in Panama R. Co. v. Johnson, supra, was affirmed by the Supreme Court on April 7, 1924. 44 Sup. Ct. 391, 68 L. Ed. ——.

The said defendant appeared specially and reserved its right to raise the question of jurisdiction. The removal of the action at bar from the state court to this court did not constitute a general appearance, and the defendant was not bound to have any reservation or restrictions made in the order of removal. Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; National Accident Society v. Spiro, 164 U. S. 281, 17 Sup. Ct. 996, 41 L. Ed. 435. In my opinion, the motion to dismiss the complaint herein as to the said defendant United States Shipping Board Emergency Fleet Corporation must be granted, not in the exercise of discretion, but under the express provisions of the Merchant Marine Act, supra.

I do not, however, by this opinion determine that the complaint should be dismissed as to the defendant United States Lines, because, while the defendant in its brief says that "United States Lines" is merely a trade-name, the plaintiff in his complaint alleges, upon information and belief, that said defendant United States Lines is a corporation organized and existing under and by virtue of the laws of the state of New York, with its principal office in New York City, and this allegation is not denied under oath, nor is there any evidence before the court on this motion to show that this allegation is not true. If such allegation is true, then this court would have jurisdiction as to the defendant United States Lines, if such defendant has been served, because, as hereinbefore shown, the question of jurisdiction of the person or venue may be waived, and the defendant United States Lines has not specially appeared and objected to the jurisdiction of this court.

The motion of the defendant United States Shipping Board Emergency Fleet Corporation for judgment dismissing the complaint herein as to such defendant, on the ground that the court has no jurisdiction of the person of the said defendant, is granted, with costs.

Settle on notice.