STANDARD OIL CO. v. MILLER et al. UNITED STATES v. SAME. COMMERCIAL CREDIT CO. v. SAME.

(Circuit Court of Appeals, Fourth Circuit. January 24, 1925. Supplemental Opinion, January 31, 1925.)

Nos. 2253 and 2287; 2255 and 2288; 2256 and 2289.

Bankruptcy ⬚468—Inadvertence in drawing decree of District Court may be corrected by agreement before entry of formal decree of Circuit Court of Appeals.

Inadvertence in drawing decree of District Court may be corrected by agreement before entry of formal decree of Circuit Court of Appeals.

On Petitions to Superintend and Revise and on Appeals from the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy; John C. Rose, Judge.

In the matter of the Atlantic Gulf & Pacific Steamship Corporation, bankrupt. On

appeal and petitions by the Standard Oil Company, by the United States, and by the Commercial Credit Company to superintend and revise decrees rendered in 3 F.(2d) 311, 3 F.(2d) 309, and 289 F. 145. Decrees affirmed, and petitions to revise dismissed.

F. R. Conway, Admiralty Atty. U. S. Shipping Board, of Washington, D. C. (A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., on the brief), for the United States.

Malcolm H. Lauchheimer and John H. Skeen, both of Baltimore, Md. (Sylvan Hayes Lauchheimer, of Baltimore, Md., on the brief), for Commercial Credit Co.

Hugh H. Obear, of Washington, D. C. (Douglas, Obear & Douglas, of Washington, D. C., on the brief), for International Finance Corporation.

George De Forest Lord, of New York City (Lord, Day & Lord, of New York City, on the brief), for John J. Orr & Son.

George W. P. Whip, of Baltimore, Md. (Pillsbury, Madison & Sutro, of San Francisco, Cal., and Lord & Whip, of Baltimore, Md., on the brief), for Standard Oil Co.

Before WOODS and WADDILL, Circuit Judges, and COCHRAN, District Judge.

WOODS, Circuit Judge. These appeals and petitions to superintend and revise raise difficult questions, some of them not well covered by authority. Strong argument has been adduced against some of the conclusions of the District Court (287 F. 714; 289 F. 145), but after much consideration we are convinced they are sound in reason and sustained by authority.

The view expressed in the opinion of the District Court in 289 F. 145, that an ordinary debt of the United States is entitled to preference in the distribution of the assets of a bankrupt, has been held by this court to be incorrect in Davis, Federal Agent, v. Pringle, Trustee, 1 F.(2d) 860, decided September 29, 1924, but that error does not affect the correctness of the conclusions of the court, as there was no debt due the United States.

It is suggested in the argument on behalf of the Standard Oil Company that the formal decree adjudicating its rights by inadvertence does not accord with the opinions of the District Court above referred to, and that articles 1, 9, 11, and 12 of the decree are inconsistent. The alleged mistake was not referred to in the arguments of other claimants. If there was an inadvertence in

drawing the decree, it may be corrected by agreement before the entry of the formal decree of this court. If no agreement can be reached, the court will consider the matter on motion, after due notice to the parties interested. With this reservation the decree of the District Court is affirmed, the petitions to superintend and revise are dismissed, and the causes remanded to the District Court for further proceedings.

Review cases, Nos. 2253, 2255, and 2256, dismissed.

Appeal cases, Nos. 2287, 2288, and 2289, affirmed.

### Supplemental Opinion.

PER CURIAM. Since the filing of the original opinion of this court in these causes, the parties interested have agreed as to the alleged inconsistency in the opinion of the District Court and its decree. The decree of the District Court is therefore affirmed.