LEFFELLAD v. DETROIT & CLEVELAND NAV. CO.

(District Court, W. D. New York. October 29, 1926.)

Courts ⬤274—Seaman may sue for personal injuries in district of residence, if defendant maintains even subsidiary office therein (Merchant Marine Act 1920, § 33 [Comp. St. § 8337a]; Judicial Code, § 24 [Comp. St. § 991]).

Under Merchant Marine Act 1920, § 33 (Comp. St. § 8337a), when construed in accordance with Judicial Code, § 24 (Comp. St. § 991), action for personal injuries sustained by seaman may be brought in judicial district of which seaman is resident, where defendant maintains office for transaction of business therein, whether or not such office is its principal office.

At Law. Action by John H. Leffellad against the Detroit & Cleveland Navigation Company. On motion to dismiss the complaint for want of jurisdiction. Motion denied.

Thomas J. McKenna, of Buffalo, N. Y. (Irving W. Cole, of Buffalo, N. Y., of counsel), for plaintiff.

Brown, Ely & Richards, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. This is an action for personal injuries sustained by the plaintiff, a seaman, under section 33 of the Merchant Marine Act of 1920 (Comp. St. § 8337a). By this provision a right of action with trial by jury is given to seamen for personal injuries sustained in the course of their employment, and, as therein provided, the "jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

The defendant appeared specially and moved to dismiss the complaint, on the ground that this court is without jurisdiction, since it appears from the complaint that the defendant is a foreign corporation and that its principal office for the transaction of business is in Detroit, Mich. The complaint, however, alleges that defendant has an office in this district, namely, that it is engaged in business in the city of Buffalo, where it maintains offices, with a manager and clerical force, for the transaction of its business.

In Leon v. U. S. Shipping Board, etc. (D. C.) 286 F. 681, and Caceres v. U. S. Shipping Board, etc. (D. C.) 299 F. 968, and in Panama R. R. Co. v. Johnson (C. C. A.) 289 F. 964, it was substantially ruled that the court was without jurisdiction in such cases, unless it affirmatively appeared that the prin-

cipal office of the defendant was in the district where the action was brought, or, as held in the latter case, unless jurisdiction was conferred by general appearance or waiver. On a writ of error prosecuted to the Supreme Court of the United States, the Panama R. R. Case (264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748) was affirmed and it was held that the provision relating to the jurisdiction of the court, construed with Judicial Code, §§ 24 and 51 (Comp. St. §§ 991, 1033), relates only to venue, conferring a personal privilege, which a defendant may waive, if he enters a general appearance before or without claiming it.

It is accordingly contended by plaintiff that there can be no dismissal of the complaint, and defendant's remedy ordinarily would be in the nature of a motion to set aside the service of the summons, or an order directing a change of venue, since the jurisdiction of the person of the defendant was properly obtained by service of the process in this district. It is also urged that a proper construction of section 33, by reasonable intendment, includes defendant's office at Buffalo, the place where its business office is maintained, equally with its principal office in the city of Detroit. The question submitted is important and deserving of careful consideration. It is difficult to conceive that Congress intended that seamen who are injured in the discharge of their duties aboard ships sailing the Great Lakes should be required to bring action in the state where the corporation was organized, or where it has its principal office, when it also is engaged in business and maintains an office for the transaction of business in the judicial district of which the seaman is a resident.

In Stewart v. Pacific Steam Navigation Co. (D. C.) 3 F.(2d) 329, Judge Learned Hand, in construing section 33, held properly, I think, that where a defendant corporation was organized outside of the United States its principal office was the place where it transacted its business in the United States. It is well understood that, as between the states of the Union, a corporation created under the laws of one state is, as to all other states, a foreign corporation, and in view of Judge Hand's ruling a fair construction of the statute fairly implies that such an action as this may be brought in the place where the principal office of the defendant is located within the state of New York, and within the federal judicial district wherein the action is brought. The office maintained by defendant at Buffalo may be shown on the trial to be the principal office where its business is transacted in this district.

It is to be observed that the Supreme Court in the Panama R. R. Co. Case, 264 U S. 375, 44 S. Ct. 391, 68 L. Ed. 748, ruled that section 33, the part relating to jurisdiction, must be considered with the general jurisdiction conferred on the District Courts by section 24 of the Judicial Code, and must be construed and applied in harmony therewith. It must therefore be held in this case, as the Supreme Court held in the Panama R. R. Case, that upon reading both sections, the old and the new, "and in the light of the policy carried into them, it is made reasonably certain that the provision is not intended to affect the general jurisdiction of the District Courts as defined in section 24"—a section which confers jurisdiction upon the District Court when the process is rightly served and business is carried on within the district. "No reason," the Supreme Court says, "why it should have a different purpose has been suggested, nor do we perceive any. Its use of the word 'jurisdiction' seems inapt, and therefore not of special significance." This construction of section 33 of the act in question leads to the conclusion that the action was rightly brought in this district, if the defendant has a general office in this state and district as alleged in the complaint.

The motion to dismiss the complaint must be denied.