## PETERS v. DETROIT & CLEVELAND NAV. CO.

District Court, W. D. New York. September 8, 1927.

**Courts** ⬤⟿274(10)—Action at law by seaman for personal injuries must be in district where defendant resides or has principal office (Merchant Marine Act, § 33 [46 USCA § 688]).

Under the provision of Merchant Marine Act, § 33 (46 USCA § 688; Comp. St. § 8337a), that jurisdiction of an action at law by a seaman for personal injuries "shall be under the court of the district in which the defendant employer resides or in which his principal office is located," the employer can have but one principal office, and venue of such action is limited to a single district, where the employer is a corporation and its principal office is in the state of its incorporation, though it may have places of business in other districts.

At Law. Action by George Peters against the Detroit & Cleveland Navigation Company. On motion of defendant, appearing specially, to dismiss complaint. Granted.

Thomas J. McKenna, of Buffalo, N. Y., for plaintiff.

Brown, Ely & Richards, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. The defendant, appearing specially, moves to dismiss the complaint on the ground that it neither resides nor has its principal place of business in this district, as required by section 33 of the Merchant Marine Act (46 USCA § 688; Comp. St. § 688), under which this action

was brought, and, accordingly, this court is without jurisdiction.

Plaintiff, alleging his cause of action at law for personal injuries sustained at Detroit, Mich., while defendant's steamship was at her dock, states that defendant is a corporation of the state of Michigan, that its principal office is at Detroit, and that it also maintains an office at Buffalo for the transaction of business. Diversity of citizenship is not alleged. Indeed, by the affidavit of L. M. Stewell, read on this motion, it appears that plaintiff, at the time of his various employments by defendant, stated in one instance that he resided in Pontiac, Mich., and in another that he lived in Detroit.

The weight of authority is that the mere fact that a defendant has an office for the transaction of business in the district where the action is brought does not confer jurisdiction under section 33 of the Jones Act, which, in terms, provides that the jurisdiction "shall be under the court of the district in which the defendant employer resides or in which his principal office is located." Leon v. U. S. Shipping Board, etc. (D. C.) 286 F. 681; Panama R. Co. v. Johnson (C. C. A.) 289 F. 984; Caceres v. U. S. Shipping Board, etc. (D. C.) 299 F. 968. These decisions are all based upon the letter of the statute, and hold that jurisdiction was conferred in the district that could unmistakably be ascertained as the place where it was engaged in its business, and that, when a defendant neither resides in the district nor has his principal office there, and insists upon his privilege, without waiving it by appearing generally and failing to object, jurisdiction is not conferred on the District Court in the district where plaintiff resides or elects to sue. That construction of the statute was apparently approved by the Circuit Court of Appeals of this circuit on rehearing in the Panama R. R. Co. Case, supra, and also, inferentially, in the same case by the Supreme Court (264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748).

In Leffellad v. Detroit & Cleveland Nav. Co. (D. C.) 16 F.(2d) 1011, this identical question was differently decided by me, on the theory that the term "principal office" included defendant's office at Buffalo, where it transacted a part of its business, and which, on the trial, might be shown to have been the principal office. It is true that under the doctrine of the Panama R. R. Co. Case, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748, the word "jurisdiction," in section 33 of the Jones Act, must be construed with Judicial

Code, sections 24 and 51 (28 USCA §§ 41, 112), as relating to venue only; but it is not implied thereby that the District Court has the right, on a motion to dismiss for lack of jurisdiction, to direct a summary change of venue, as suggested, or trial of the action in another jurisdiction.

In the Leffellad Case, it was evidently overlooked by me that the accepted definition of the term "resides or in which his principal office is located" applied to a corporation, within the construction accorded that term by the cited cases. The term, as said in the Caceres Case, supra, is not regarded as synonymous with "principal place of business," but rather means the head office, or the place where the principal officers generally transact business, together with that particular place from whence directions and orders emanate. In Yaselli v. U. S. Shipping Board, etc. (D. C.) 298 F. 198, which was an action at law under section 51 of the Judicial Code, it was ruled that it did not matter that the defendant transacted business in the Southern district of New York, since it nevertheless was an inhabitant of the District of Columbia, the place of incorporation.

A corporation ordinarily resides in the jurisdiction of its incorporation, or the place where its principal office is located, as designated in its certificate of incorporation, and, under section 24 of the Judicial Code, in all suits of a civil nature, at common law, to recover for maritime injuries, it must be shown that a diversity of citizenship exists. This rule, it is true, was modified by section 33, as hereinbefore pointed out, by enabling a seaman to sue in the district where a defendant resides or in which he has his principal office. Johnson v. Panama R. R. Co. (D. C.) 277 F. 859, and cited by the Supreme Court in 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748.

The Leffellad Case, I am informed, has been adjusted without trial, and, since confusion in other cases may arise from my construction of section 33 in that case, I deem it proper, in the interest of uniformity, to follow the decisions in the Southern and Eastern districts of New York, especially as the decision of the Leon Case, by Judge Mayer, was approved by the Circuit Court of Appeals for this circuit in the Panama R. Co. Case, 289 F. 964, wherein, on rehearing, the court ruled that, when a defendant insists on his privilege, the requirement of the statute as to residence and location of principal office must be given effect.

An order may therefore be entered, dismissing the complaint, without costs.