## THE HANLEY.

Circuit Court of Appeals, Second Circuit.
November 12, 1928.

No. 1.

Silas B. Axtell, of New York City, (Charles A. Ellis, of New York City, of counsel), for appellant.

Hatch & Wolfe, of New York City (Carver W. Wolfe, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. This libel was in rem and laid a cause of suit under the Jones Act (46 USCA § 597 et seq.), and the suit was tried on the assumption that that act applied to such a proceeding. Since it was decided, the Supreme Court has held that a suit in rem does not lie under that statute (Plamals v. The Pinar Del Rio, 277 U. S. 151, 48 S. Ct. 457, 72 L. Ed. 827), so that there remains only the question of whether the ship was liable under general maritime law. It is clear that the ship was well found, with all necessary gear, and that the accident happened because of the negligence either of the boatswain or of the libelant. The shackle was certainly not unseaworthy. Such being the case, there could be no recovery under the maritime law, assuming, without deciding, that any such recovery could be had under this libel. Johnson & Co. v. Johansen, 86 F. 886 (C. C. A. 5), was decided before The Osceola, 188 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760, and from some of the discussion may possibly have rested upon the the notion that the ship was liable for the master's negligence. However, it was held in The Osceola that the negligence of an officer, even the master, did not impose any liability upon the owner under maritime law. Johnson v. Johansen must therefore rest, as it may, upon the fact that the ship's gear was unseaworthy.

The libel also asks for cure and maintenance, a prayer probably overlooked below. While there may be some question whether such relief may be coupled with a cause of suit under the Jones Act, we do not understand that the point is pressed here. If the parties can agree upon an allowance for cure and maintenance, the decree will be affirmed; if not, it will be reversed and remanded to the District Court, with instructions to take evidence and make such an allowance.