## COMMERCIAL TRUST CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

### No. 266.

Circuit Court of Appeals, Second Circuit.

March 9, 1931.

Lampke & Stein, of New York City (William H. Darrow, of New York City, of counsel), for appellant.

George Z. Medalie, of New York City (John C. Donovan, and William E. Collins, Sp. Assts. to U. S. Atty., both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff took out a summons, which it served upon the defendant, and which disclosed nothing further as to its place of incorporation than that the plaintiff's name was the Commercial Trust Company of New Jersey. The defendant, the Fleet Corporation, appeared, and by stipulation obtained several extensions of its time to answer. When, by the filing of the complaint, it appeared that the plaintiff was a New Jersey corporation, it moved to dismiss the complaint because the action was not brought in the proper district. The District Judge so held, and the plaintiff appealed.

There are two possibilities, between which we need not choose. The Fleet Corporation is organized under the laws of the District of Columbia, from which it may follow that, as it is not a citizen of any state, it may be sued without its consent in no federal court except that of the District. Yaselli v. U. S. Shipping Board Emergency Fleet Corporation (D. C.) 298 F. 198; Caceres v. U. S. Shipping Board Emergency Fleet Corporation (D. C.) 299 F. 968. This would not apply to actions brought under the Jones Act (46 USCA § 688), which specifically provides otherwise. Leon v. U. S. Shipping Board Emergency Fleet Corporation (D. C.) 286 F. 681. The other possibility is that the question of venue coalesces in this instance with that of the corporation's "presence" in the district. Puget Sound, etc., v. U. S. Shipping Board Emergency Fleet Corporation (D. C.) 293 F. 768. So far as we know, however, it has never been held that actions against the Fleet Corporation are between citizens of diverse states, and we can perceive no ground for so holding.

It follows that the dismissal was wrong in any case. If the Fleet Corporation may be sued without its consent only in the District of Columbia, then the defect appeared when the summons was served, and the general appearance excused it. Ex parte Chicago, R. I. & P. R. Co., 255 U. S. 273, 279, 41 S. Ct. 288, 65 L. Ed. 631. If it can be sued wherever it is "present," then the action was well

brought, if it was in fact "present" in the Southern District of New York. If it was not, the error was at once apparent, and if the defendant meant to raise the question, it was bound to do so before general appearance.

Upon appeal, however, the question was raised of the substantive jurisdiction of the District Court; and as this is a point which can be taken at any stage of the proceedings, and of which indeed we must take notice ourselves, we are bound to consider it. It involves a consideration of the complaint. This alleged that the plaintiff was the assignee of certain freights due to a corporation, known as the United States Transport Company, upon two ships, operated by that company under a tripartite operating agreement between the defendant, a third company, and itself. The assignment was security for loans made by the plaintiff to the assignor, the Transport Company, which transferred to it the bills of lading. With knowledge of the assignment the defendant repossessed itself of the vessels, and collected the freights from the consignees by refusing delivery until they had paid.

In form, the action is in the common count for money had and received; in substance, it is a legal substitute for the equitable right to follow the proceeds of the plaintiff's property into the hands of a constructive trustee. The question is whether a suit might have been brought under the Suits in Admiralty Act for the same relief; for, if so, that remedy is exclusive. Johnson v. Fleet Corporation, 280 U. S. 320, 50 S. Ct. 118, 74 L. Ed. 451. When the loan is itself maritime, the admiralty will entertain a suit to trace the security into the hands of one with whom the pledgor has wrongfully mixed the proceeds with his own; so we held in Bank of British America v. Freights of the Hutton (C. C. A.) 137 F. 534. The initial maritime character of the transaction persists, into whatever form the proceeds may go. In general, if the loan be maritime, the admiralty has jurisdiction over the collection of such property. Freights of The Kate (D. C.) 63 F. 707; The Advance (C. C. A.) 72 F. 793. However, it is not enough that the security be itself maritime in nature; for instance, a mortgage, even upon a ship, could not, before Congress otherwise provided, be foreclosed in a court of admiralty. Bogart v. The John Jay, 17 How. 399, 15 L. Ed. 95. Rather it depends upon the character of the loan, whether that be to disburse the ship, or for some other recognized maritime purpose.

In re Atlantic, etc., Co. (D. C.) 3 F.(2d) 309; affirmed Standard Oil Co. v. Miller (C. C. A.) 3 F.(2d) 438 (C. C. A. 4).

We think that the form of the action cannot prevail over its substance, and that if the loans were maritime, it is indifferent that the plaintiff chose to sue in a common count, based upon the unlawful detention of the security. The reasoning of Johnson v. U. S. Shipping Board Emergency Fleet Corporation, applies, and the remedy under the Suits in Admiralty Act (46 USCA §§ 741–752) is exclusive. The complaint does not allege what was the nature of the loans, which, for aught that appears, may have been for ordinary financial purposes; and while this is not probable, we cannot at this stage of the action dismiss it. We must assume that it states a good cause of action at law, and remand it to the District Court with instructions to entertain it, unless it appear that the loans were maritime, in which case it must be dismissed for lack of jurisdiction.

The plaintiff cites United T. & L. Co. v. N. Y. & B. T. Line, 185 F. 386 (C. C. A. 2), and Home Insurance Co., New York, v. M. T. Co., 16 F.(2d) 372 (C. C. A. 9), as holding that a cause of action like this is not cognizable in the admiralty. In the first, the question was of a cause of action arising because of the overpayment of lighterage hire; the hire was excessive, and the libelant and respondent had had common directors. The second was to recover payments under a marine policy fraudulently procured from the underwriter. In each case it is true that the obligee might have sued in the admiralty upon the obligation discharged, a charter or a marine policy; but he did not so sue; he had collected under such circumstances as made him a constructive trustee, and it was the obligor who sued to unravel the transaction. As the reasons which made it unlawful for him to retain the proceeds were not maritime, the obligor failed. In the case at bar the situation is reversed, since there is no effort to unravel a closed transaction. It is the obligee who is the complaining party, and who seeks to collect the loan out of the security in the hands of one who has taken it away from the obligor. It is still the loan which is being collected; whose enforcement is the gravamen of the suit. If that be maritime, the admiralty assumes all incidents in its collection, including the pursuit of the security into the hands of one who holds as trustee. Perhaps the plaintiff might have sued the consignees; that would certainly

have been upon a maritime contract. It prefers to accept the payment as a discharge, and to follow the proceeds into the defendant's hands; it is still collecting its loan, and the jurisdiction of the District Court depends upon whether that loan was itself maritime.

Judgment reversed and cause remanded.