## ZWERLING v. NEW YORK & CUBA MAIL S. S. CO.

### No. 1008.

District Court, E. D. New York.

June 28, 1940.

George A. Grabow, of New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant, appearing specially.

MOSCOWITZ, District Judge.

This is a motion for the following relief: "1. To set aside the service of the summons and to dismiss the complaint on the ground that the defendant's principal place of business is in the Southern District of New York and within the jurisdiction of the United States District Court for the Southern District of New York, as the defendant's principal place of business is at Pier 13, East River, Borough of Manhattan, City of New York.

"2. To set aside the service of the summons and dismiss the complaint on the grounds that the summons was not served within this District but was served on the defendant at its office at Pier 13, East River, Borough of Manhattan, City of New York."

The plaintiff claims damages under the Jones Act, 46 U.S.C.A. § 688, for injuries sustained by him while employed as a waiter on the defendant's steamship Oriénte.

■ The summons and complaint were served at the defendant's principal place of business in the Southern District of New York. The action should have been brought in that District. See, Peters v. Detroit & Cleveland Navigation Co., D.C., 24 F.2d 454; Caceres v. United States Shipping Board E. F. Corp., D.C., 299 F. 968; Leon v. United States Shipping Board E. F. Corp., D.C., 286 F. 681.

■ The summons and complaint were served on March 30, 1940. The defendant has not appeared generally or answered. The defendant having defaulted has waived all defenses or objections to the complaint. Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant failed to object to venue. That objection is subject to waiver. See, Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L. Ed. 748; Mannion v. United States Shipping Board E. F. Corp., 2 Cir., 9 F.2d 894. Under Rule 12 the objection to venue is waived if it is not claimed before or upon entering a general appearance or answer.

■ The objection in regard to the service of the summons and complaint in the Southern District is without merit. Rule 4(f) of the Federal Rules of Civil Procedure provides that: "All process other than a subpœna may be served anywhere within the territorial limits of the State in which the district court is held * * *."

The motion is denied. The defendant will be granted twenty (20) days within which to answer.