### THE M. E. FARR.

### ROBERTS v. CONSOLIDATED S. S. CO. et al.

### No. 2115.

District Court, W. D. New York.

Dec. 24, 1940.

9

William J. Flynn, of New York City, for libellant.

Russell V. Bleecker, of Cleveland, Ohio, for respondent.

KNIGHT, District Judge.

The Consolidated Steamship Company appears specially and moves to quash the service of process and dismiss the libel and also excepts to the process on the ground that the venue is improperly laid. The motion must in all respects be granted.

■ The Corporation defendant is a foreign corporation organized under the laws of the State of Ohio. A writ of attachment against the Steamer "M. E. Farr" was issued by the Clerk. It was not issued upon any proof that the corporation defendant could not be found in this District. "In the cases in which attachment of the goods and chattels of a resident respondent is sought, or in the rare cases where libellant believes himself entitled to a warrant for the arrest of the person of the respondent the libel should be accompanied by an affidavit, setting forth fully the facts of the respondent's absence * * *." Benedict on Admiralty, 6th Ed., Vol. 2, § 288, p. 349.

■ The libel is somewhat vague as to the cause intended to be pleaded. However, since it asserts that the injuries were sustained by reason of the "negligence and carelessness of the respondent" and since under the old rules the vessel was not liable in compensatory damages for the negligence of the owner or members of the crew for personal injuries suffered by member of the crew, the action must be construed as one in personam against the owners under the Jones Act. An election of remedies was necessary. Plamals v. Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827. Suit in rem will not lie under the Jones Act, The Hanley, 2 Cir., 29 F.2d 110; The Black Gull, 2 Cir., 82 F.2d 758, and in pleading negligence the libellant necessarily elected to proceed under the Jones Act.

■ It appears that service was made here by foreign attachment. The libel alleges that "the respondents, * * *, have no office or place of business or other property within the State of New York, except the vessel." The Jones Act specifically provides, 46 U.S.C.A. § 688, that "jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." Limiting as we do this action to one under the Jones Act, the right of foreign attachment was not authorized to be issued, and no jurisdiction over the defendant corporation was obtained. The cases holding under comparable facts are numerous. Among such see Peters v. D. & C. Navigation Co., D.C., 24 F.2d 454; John A. Bannon v. Seaboard Air Line Ry., etc., D.C., 52 F.2d 886, 1931 A.M.C. 1263; The Swiftarrow, D.C., 34 F.Supp. 541, 1940 A.M.C. 1177, and cases cited. Whether this suit is treated as one on the law side or on the admiralty side as an in personam action is of no materiality. Libellant having elected to proceed under the new rules or the Jones Act, he is bound by these whether suit is on the law side or in admiralty. While there is authority to the contrary, it is believed any question in this connection is settled by Plamals v. Pinar Del Rio, supra, and Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.