## OLAFSON v. WATERMAN S. S. CORPORATION et al.

(District Court, S. D. Alabama. April 18, 1922.)

Seamen ⬤⟶29(5)—Seaman's action for injuries must be brought in district in which defendant employer resides or has its principal office.

A seaman's action for personal injuries under Act June 5, 1920, must be brought in the district in which the defendant employer resides, or in which its principal office is located, under section 33, where the employer appears specially and files plea in abatement in action brought in another district.

At Law. Action by Eswald Olafson against the Waterman Steamship Corporation and the United States Shipping Board Emergency Fleet Corporation. On plaintiff's motion to strike plea of abatement by last-named defendant. Motion overruled.

Gaillard, Mahorner & Arnold, of Mobile, Ala., for plaintiff.

Aubrey Boyles, U. S. Atty., and Pillians, Cowley & Gresham, all of Mobile, Ala., for defendant.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ERVIN, District Judge. In this case the Waterman Steamship Corporation has heretofore filed a demurrer to the complaint, which demurrer has been sustained. The United States Shipping Board Emergency Fleet Corporation appeared specially and filed a plea in abatement, setting up that the said corporation was incorporated under the laws of the District of Columbia, and that its principal office is located at Washington, D. C., and the said plea also denies that the said corporation resides in the Southern district of Alabama or has its principal office there. This plea concludes with a prayer that the written declaration be quashed.

There is filed by the plaintiff a motion to strike this plea on some 22 assignments of reasons. The question is whether, under the provisions of the Act of June 5, 1920 (41 Stat. 988), giving the right of action and a jury trial to a seaman who shall suffer personal injuries in the course of his employment, this action can be brought in any court other than that of the district in which the defendant employer resides, or in which its principal office is located.

Section 33 of this act concludes as follows:

"The jurisdiction of such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

This was before Judge Garvin in the case of Johnson v. Panama R. Co. (D. C.) 277 Fed. 859, where he held, I think correctly, that the concluding words above quoted limit the court in which action can be brought. Treating this language as meaning venue of the action, he also held in that case that the objection that the suit was not brought in the proper court was waived because of the failure of the defendant to enter a special appearance and make a motion to dismiss.

Waiving the proposition whether the question is one merely of venue or of jurisdiction, we find in this case that the defendant Shipping Board has appeared specially and filed a plea in abatement of the cause. In my opinion there can be no doubt that, if the question is properly raised, suit can be brought only in the district named in the act.

A decree will therefore be entered, overruling the motion to strike the plea.