## ATIANZA v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

### (District Court, E. D. New York, June 5, 1924.)

Removal of causes ⬥112—In action for injury to seaman, objection to jurisdiction not waived by removal of cause.

While Merchant Marine Act 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), requiring action by seaman for injury to be brought in district in which defendant resides or has his principal office, relates to venue only, and may be waived by general appearance, it is not waived by removal of cause by defendant from state to federal court.

At Law. Action by Baldomero Atianza against the United States Shipping Board Emergency Fleet Corporation and another. Application on special appearance for order directing judgment dismissing complaint, on ground court has no jurisdiction of person of defendants. Application granted.

Charles H. Kriger, of Brooklyn, N. Y., for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Edgar G. Wandless, of New York City, of counsel), for defendant United States Shipping Board Emergency Fleet Corporation.

Nathan A. Smyth, of New York City, for defendant Tampa Interocean S. S. Co.

GARVIN, District Judge. The defendants, appearing specially for the purpose of this motion, apply for an order pursuant to section 278 of the Civil Practice Act and rule 107 of the Rules of Civil Practice, directing judgment dismissing the complaint upon the ground that the court has no jurisdiction of the person of the defendants.

The action was begun in the New York Supreme Court, Richmond County, on February 27, 1924, by the service of a summons and complaint on the defendants. Thereafter the action was duly removed to this court, on the defendants' application. Defendants' time to appear and answer the complaint has not yet expired. This suit is brought to recover for damages for injuries sustained because of defendants' negligence in failing to furnish plaintiff with a proper and seaworthy ladder, as a result of the use of which plaintiff was thrown to the deck of the vessel upon which he was a messman.

The precise question involved has been recently decided in this district in the cases of Caceres v. U. S. S. B. E. F. C. et al., 299 Fed. 968, and Villard v. U. S. B. E. F. Corp., 1 Fed. (2d) ——. Under the authority of these cases, and in order that there may be harmony of judicial action in this district, I shall grant the motion, although in the absence of authority I should be disposed to deny the motion for the following reasons:

The suit is based upon the act of Congress known as the Merchant Marine Act, approved June 5, 1920. Chapter 250 thereof, section 33 (Comp. St. Ann. Supp. 1923, § 8337a), provides:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the

right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such action shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

The plaintiff, opposing the motion, asserts that the privilege accorded to defendants to appear specially and object to the jurisdiction applies only in the case of an action originally commenced in the District Court, citing General Investment Co. v. Lake Shore & Michigan Southern R. R. Co., 260 U. S. 261, 43 Sup. Ct. 106, 67 L. Ed. 244, and Lee v. Chesapeake & Ohio R. R. Co., 260 U. S. 653, 43 Sup. Ct. 230, 67 L. Ed. 443. Panama Railroad Co. v. Johnson (C. C. A.) 289 Fed. 964, affirmed by the United States Supreme Court April 7, 1924, in 44 Sup. Ct. 391, 68 L. Ed. ——, upon which defendants rely, was a suit brought in the district, not the state, court. Indeed a careful reading of the opinion therein brings us to the conclusion that the court intended thereby to indicate that section 33, supra, does not affect the general jurisdiction of the District Courts as defined in section 24 of the Judicial Code (Comp. St. § 991), but merely prescribes the venue for any suit brought in the District Court under the Merchant Marine Act, supra. The decision holds that such a provision confers on the defendant a personal privilege, which he may assert or waive, if sued in another district than that of which he is an inhabitant or in which he has a place of business.

The General Investment Case, supra, was an action begun in a state court and removed into a federal court. The court denied a motion to remand, thereby necessarily holding that it had jurisdiction to proceed. In the course of its opinion the court observed:

"As we shall show the argument advanced against that ruling confuses venue with general jurisdiction, and also confuses the venue prescribed for cases begun in the District Courts with that prescribed for cases removed into them from state courts. * * * Coming to the removal section (28), it is apparent that the clause, 'of which the District Courts of the United States are given original jurisdiction,' refers to the jurisdiction conferred on the District Courts in general, for it speaks of them in the plural. That it does not refer to the venue provision in section 51 is apparent, first, because that provision does not except or take any suit from the general jurisdiction conferred by section 24; next, because there could be no purpose in extending to removals, the personal privilege accorded to defendants by section 51, since removals are had only at the instance of defendants; and, lastly, because the venue on removal is specially dealt with and fixed by section 29. There are still other reasons for thinking the venue provision of section 51 has no bearing on removals. First, its own words confine it to suits begun in the district courts; and, next, it cannot be regarded as limiting the right of removal without disregarding the plain import of section 28. That section provides for the removal of suits falling within any one of several classes and declares who shall have the right to remove them. * * *

"We conclude that, as the present suit was one arising under the laws of the United States, of which the District Courts are given original jurisdiction by section 24, the defendants were entitled under sections 28 and 29 to remove

it from the state court where it was begun into the District Court for that district, regardless of their citizenship or places of inhabitance, and therefore that the motion to remand was rightly denied. * * * To avoid any misapprehension it should be observed that section 12 of the Clayton Act [Act Oct. 15, 1914, 38 Stat. 736, c. 323, Anno. 2d Ed. p. 744] alters that venue provision in respect of such suits, but not in a way which is material here. Like section 51, the special provision in section 12 does not affect the general jurisdiction of the District Courts, but merely establishes a personal privilege which a defendant is free to waive."

It has been recently held that state courts have no jurisdiction of actions brought for personal injuries under section 33 of the Merchant Marine Act, supra. Engel v. Davenport (Cal. Sup.);[1] American Maritime Cases, 1924, No. 6, p. 758. Under that authority defendants might have moved to dismiss such action in the state court. Having elected to remove the action, it should be tried in this court.

Applying the principles announced by these authorities, I am of the opinion that the motion should be denied; but, in view of the recent decisions in this district, the motion is granted.

---

[1] On rehearing the court held the contrary. See 228 Pac. 710.