## McDANIEL v. BAKER SAND & GRAVEL CO., Inc.

District Court, S. D. Alabama, S. D. March 10, 1928.

Admiralty ⊕⇒32—Suit in admiralty, claiming benefit of Jones Act, need not be brought in district of defendant's residence or principal place of business (Jones Act, § 33 [46 USCA § 688], amending Act March 4, 1915, § 20).

Where an injured seaman brings suit in admiralty he may claim the benefit of the provisions of Jones Act, § 33 (46 USCA § 688; Comp. St. § 8337a), amending Act March 4, 1915, § 20; but in such case the amendment does not require the suit to be brought in the district in which defendant resides or has his principal place of business; that provision applying only to an action at law therein authorized at his election.

In Admiralty. Suit by Amanda McDaniel, administrator, against the Baker Sand & Gravel Company, Inc. On motion to dismiss libel for want of jurisdiction. Denied.

Alex C. Birch, of Mobile, Ala., and J. E. Meredith, of Foley, Ala., for libelant.

Lyons, Chamberlain & Courtney and Pillans, Cowley & Gresham, all of Mobile, Ala., for respondent.

ERVIN, District Judge. This was a libel filed on the admiralty side of the court and alleged that libelant's intestate was drowned in Mobile river, within the admiralty jurisdiction of the court; that the drowning was caused by the negligence of the employees of the Baker Sand & Gravel Company, while such intestate was employed by the said company on one of its barges; that said company maintains a place of business within Mobile, from which its operations in this port are conducted. In the body of the libel it claims the benefit of the provisions of the Jones Act (41 Stat. 988).

The Baker Sand & Gravel Company appeared specially and set up that it was incorporated in Tuscaloosa county, Alabama, and that it maintains its principal office there, and outside of the jurisdiction of this court, and moves to dismiss the libel. I am cited to the following cases as holding that, when an action is commenced by a seaman under the Jones Act, it can only be brought against a corporation either where it was incorporated or where it has its principal office: Olafson v. Waterman S. S. Corp. (D.

C.) 281 F. 194; Caceres v. Emergency Fleet Corporation (D. C.) 299 F. 968; Villard v. Emergency Fleet Corporation (D. C.) 1 F. (2d) 570; Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748.

Congress undoubtedly had in mind injuries to seamen on the high seas, and failed to appreciate the large number of cases where large corporations maintain agencies at many ports, and conduct a business there which gives rise to many injuries to seamen, but are incorporated elsewhere, and maintain their principal office in a place other than where the injury occurs; hence the injured seaman must go, with his witnesses, a long way to sue and try his case.

In protecting corporations against a multiplicity of suits at many places, they have worked a hardship upon the injured seaman; but the remedy lies with Congress, as the courts cannot change the statute as written. An examination of those cases will show that each of them was brought on the common-law side of the court, and specifically under said act.

Here the action was not so brought, and the question arises whether the same provisions of the Jones Act control when the action is brought on the admiralty side of the court, because the benefits of the Jones Act are claimed in the libel. In other words, does the fact that a libelant claims in his libel the benefits of the Jones Act require him to file his libel where a suit under the said act is required to be filed?

It is conceded that a libel may be filed under the ordinary procedure in admiralty on the same facts in this court; but it is insisted that, if the benefits of the Jones Act are claimed, it cannot be filed here. The act is found in section 20 of the Act of March 4, 1915, 41 Stat. 1007 (46 USCA § 688; Comp. St. § 8337a), and reads as follows:

"Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Juris-

diction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

It will be observed that only suits on the common-law side, where a jury is demanded, are specifically mentioned. Nowhere is a libel in admiralty mentioned or referred to. Because of this fact it was urged in Panama R. R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748, that the act was unconstitutional. The court however, held the act good, but also held that it did in fact give to seamen the right to claim the benefits of the act in a libel on the admiralty side of the court. In fact, the court felt constrained to so hold in order to sustain the act. It has been many times held that the Constitution conferred all admiralty jurisdiction on the federal courts. Louisville R. R. Co. v. Letson, 2 How. (43 U. S.) 553, 11 L. Ed. 353; T. Smith & Son, Inc. v. Fanny Robinson Taylor (U. S.) 48 S. Ct. 228, 72 L. Ed. ——, Feb. 20, 1928; Farrell v. Waterman S. S. Co. (D. C.) 291 F. 604.

If we concede a libel may be filed on the admiralty side of the court at the place it would be filed if the Jones Act had not been passed, then it seems to me the mere fact that the Jones Act has the effect to enlarge, on the trial in admiralty, the right of libelant, does not in any way control or dominate the place where the libel is filed. The libel is not filed under the Jones Act; it is filed under the general admiralty practice. That does not in terms, or of necessity, control the place of filing a libel. Its only effect is to enlarge, on the trial, the rights of the libelant.

In Panama R. R. Co. v. Johnson, it is said, on page 388 (44 S. Ct. 394): "Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seamen to do so. On the contrary, it brings into that law new rules, drawn from another system, and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified, and not between that law and some nonmaritime system."

Again, on page 391 (44 S. Ct. 395): "In this view the statute leaves the injured seaman free under the general law—sections 24, par. 3, and 256, par. 3, of the Judicial Code [28 USCA §§ 41(3), 371]—to assert his right of action under the new rules on the admiralty side of the court. On that side

the issues will be tried by the court, but if he sues on the common-law side there will be a right of trial by jury. So construed, the statute does not encroach on the admiralty jurisdiction intended by the Constitution, but permits that jurisdiction to be invoked and exercised as it has been from the beginning."

An order will therefore be entered, overruling the motion.