## STEIN v. STANDARD OIL CO. OF CALIFORNIA.

District Court, S. D. New York. February 6, 1929.

acted by the corporation is such as to warrant the conclusion that the corporation is here with a fair measure of continuity, as distinguished from being here casually, it is within the jurisdiction of the state court and the action is maintainable.

■ ■ In answer to this contention, it is shown by affidavit of Mr. Coriell, vice president of respondent, that respondent owns no real estate in this state, is a Delaware corporation, confining its business activities to the place where its principal office is and where its sales stations, pipe lines, and plants are located, and its meetings of stockholders and creditors are held. The nature of the business transacted by affiant consists in expediting messages or business information from the New York office to the principal office with relation to changes in prices of crude oil and gasoline, and messages concerning the financial standing of customers and business concerns, together with information regarding stock transactions in which respondent is interested; and, in addition, signing stock certificates. All of these affairs, however, are transacted without any officer at New York having power or authority to execute contracts or accept orders for shipments, and therefore I am of opinion that the Tauza Case does not strictly apply. The employment of a stenographer, use of a telephone, and sign on the door of the office, upon which emphasis is laid, together with other stated business activities, are not sufficient to bring the corporation within the jurisdiction of this court. See People's Tobacco Co., Ltd., v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537. Such matters of detail are insufficient to warrant the inference that respondent has subjected itself to the continuous jurisdiction of this court, and serve to bring its officers or agents within the state for service of process. In the federal courts it has often been decided that maintaining an office within the state does not necessarily constitute doing business therein unless contracts relating to the business transactions are made there. Maintaining an office merely for the solicitation of business by officers or agents, the orders to be executed at the home office, does not amount to having a principal office or regular and established place of business which subjects a corporation to the jurisdiction of this court. W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808; People's Tobacco Co., Ltd., v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Zimmers

Edgar J. Treacy, of New York City, for libelant.

Hughes, Schurman & Dwight, of New York City (Geo. V. A. McCloskey, Augustus L. Richards, and W. W. Owens, all of New York City, of counsel), for respondent, appearing specially and for the purposes of this motion only.

HAZEL, District Judge. Motion by respondent, Standard Oil Company of California, appearing specially, to vacate service of process.

■ 1. The adjudications drawn to my attention uniformly hold that a libel in personam under the Merchant Marine Act 1920, § 33, amending section 20 of the Act of March 4, 1915 (46 USCA § 688), is limited to an action brought within the district wherein the alleged wrongdoer resides, or wherein his principal office is located. The principal office of respondent is in California, and the mere fact that one of its officers has an office in this district for the transaction of some of its business does not, in the absence of waiver or general appearance, confer jurisdiction. The essential points are fully discussed in Panama R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748, and Leon v. U. S. Shipping Board (D. C.) 286 F. 681, and, accordingly, require no further consideration by me.

2. Proctor for libelant contends that since some business is transacted in this district by respondent, it is found here for the purpose of service of process,[1] and he cites Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N. E. 915, in support thereof. In that case the Court of Appeals of this state ruled that where the nature of the business trans-

---

[1] The libel alleges diversity of citizenship.

v. Dodge Bros. (D. C.) 21 F.(2d) 152; Hilton v. Northwestern Expanded Metal Co. (D. C.) 16 F.(2d) 821; Case v. Smith, etc., Co. (C. C.) 152 F. 730; Buffalo Batt & Felt Corp. v. Royal Mfg. Co. (D. C.) 27 F.(2d) 400.

Therefore I hold that the libel in question for recovery of damages resulting through negligence is not maintainable under the Merchant Marine Act 1920, since it was not brought where respondent's principal office is located, and, moreover, is not maintainable in this jurisdiction because respondent was not found therein for service of process.

The objection, that the process must be vacated on the ground that the tort of which libelant complains was not committed in this state, may be passed without consideration.

The motion to set aside the service of process is granted, and the libel filed in this jurisdiction is dismissed.