### ECKERT v. SOCONY VACUUM OIL CO., Inc.

No. 33.

District Court, E. D. Pennsylvania.

Oct. 2, 1935.

Freedman, Goldstein & Pechner, of Philadelphia, Pa., for plaintiff.

Krusen, Evans, Shaw & Campbell, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

We wish first to make an acknowledgment for the very helpful argument with which we have been favored by the proctors in this cause.

The final ruling rests on the very narrow ground of the verbiage of the Jones Act (section 33 [46 U.S.C.A. § 688]), but it takes into its scope the underlying principles of the maritime law. Blackstone has made familiar to all of us a canon of construction of statutes which is very illuminating and helpful. It is to consider "the old law, the mischief and the remedy."

The libelant has suffered injuries to his person, redress for which he asserts the right to receive from the respondent. The courts of law were open to him to resort to his action at law. Such action must be in tort. It offered him the right to have the facts in his case found by a jury. It subjected him, however, to the defenses of what are known as contributory negligence and assumption of risk. Congress has by law enacted that a favored class of employees were not subject to these doctrines or only in a modified form. As the libelant did not belong to this class, he could not avail himself of the benefits of this law. Having been injured in a maritime employment, he had the right to resort to admiralty for redress, but by so doing he might be limited to the right to recover only for cure and maintenance. If he resorted to either remedy, the venue was determined; if his action or proceeding was in personam, by his ability to get service; or, if in rem, by the presence of what was attached. Thus stood the law when the Jones Act was passed. What was thought to be an evil in the law was that seamen did not have the rights which were given to railroad employees engaged in interstate commerce. The remedy intended by the Jones Act was to extend these rights to seamen. There was no curtailment of the rights before enjoyed. An injured seaman had as before the right to resort either to the law or admiralty courts.

It seems clear from the act that if he resorted to his right of action the defenses mentioned are limited as they are by the railroad employees. The question here presented arises under the final sentence of the Jones Act. That sentence is: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

It has been settled for us that this act does not limit an injured seaman to an action at law, but that he still may resort to admiralty. The libelant asserts that if he does resort to admiralty the Jones Act changes the law maritime so as to incorporate in it the provisions of the railroad act. The sole question is over the question of the court to which he must resort. Does the Jones Act limit the venue of the action or proceeding to the court of the district of the defendant? It is agreed that the principal office of the respondent is in New York, but that it maintains an office in this district at which it could be served with process in cases other than one under the Jones Act. The question is in consequence not one of service but of jurisdiction in the venue sense. The proceeding here is by libel in admiralty. It is conceded that if an action at law had been brought, the proper venue of the action would have been New York. The question thus becomes whether the venue provision of the act applies as well to a proceeding in admiralty. This is the narrow question to which we referred.

The answer to this question is to be found in the other one of whether the Jones Act gives to seamen a new remedy in admiralty, which can be asserted only in the court of the respondent, or whether it merely changes the law of the case to be applied when the cause is tried, leaving the proceeding and where to be brought to be determined by the practice in admiralty as in other cases of maritime jurisdiction.

The case of McDaniel v. Baker Sand & Gravel Co. (D.C.) 24 F.(2d) 987, takes the latter view and is based upon Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

The soundness of this view is supported in the very forcible argument presented by the proctor for the libelant.

The resourceful proctor for the respondent directs us to two cases in which the contrary view was taken. Stein v. Standard Oil (D.C.) 36 F.(2d) 258, 1929

A.M.C. 1524; Bannon v. Seaboard Air Line R. Co. (D.C.) 52 F.(2d) 886.

▮ Although a statute must be construed by what it is and not by any intended purpose of the draughtsman, his supposed motives may throw light upon its true meaning. There may well be ascribed to the draughtsman of the Jones Act this thought. We will give to the seaman the option as before to proceed in admiralty or in the law courts, but will write the railroad law into the law of this case; in admiralty the question of jurisdiction, in the venue sense, is settled, and it is no hardship to a respondent to require him to defend in any court in which he must defend in other proceedings; we will in consequence not limit the venue in the admiralty case; as however the action may be brought in any court, the venue rulings of which are unknown, we will not subject the defendant to the jurisdiction of any court other than a court of his own district. The verbiage of the act would seem to make it clear that the venue was limited in the case of an action but the language of the act does not include a proceeding in admiralty. The language, after providing for an action at law, is "jurisdiction in such actions" shall be limited to courts of the defendant's district. Nothing is said about libels in admiralty.

The fully developed argument of the opinion in the McDaniel Case is persuasive. The ruling in the Stein Case is based upon the assumption that the question of venue had already been determined. The opinion states and is based upon this "that the adjudications uniformly hold" that the venue is restricted to the court of the district of the defendant. No such adjudged cases are cited and we have learned of none. We have not had access to the report of this case but take the above from the excerpts in the paper book of respondent. The report of the Bannon Case, 52 F.(2d) 886, we have before us.

The logic of the ruling is that the Johnson Case, having determined that the giving of a new cause of action to an injured seaman which may be enforced in an action at law, gives a like new cause of action to him as a libelant in a proceeding in admiralty and, as the action at law can be maintained only in a court of the domicile of the defendant, the like limitation applies to the proceeding in admiralty. The force of this is felt and appreciated. We however would make a distinction between a cause of action and a right of action which may or may not be sound. An illustration is that an injured employee may have the right to recover against his employer. He thus has a cause of action. An act may enlarge this by extending the right to one of recovery for his injuries irrespective of negligence. This would be a new cause of action. For the first cause of action he would have had the right to sue in any court which had jurisdiction of the person of the defendant. This would be his right of action. The giving of the new cause of action might restrict the right of action, to enforce this new cause of action, to a court of the district, not where the defendant could be found and was served, but to a court of the defendant's domicile. In either case the employee would have an enforceable cause of action. The one could be enforced by suit in any court, if the defendant was served with process; the other could be enforced only in a court of the domicile of the defendant. The employee might be said to have a general cause of action, but his right of action would be limited to a particular court. Assuming the soundness of this distinction and applying it to the instant fact situation, we have an act which gives a cause of action to injured seamen but requires them, if they bring an action at law, to bring it in a particular court which here would be a court in New York. They had before the act the right to file a libel in admiralty which might in this instance have been brought in this district. If such a libel had been filed, recovery would have been limited to cure and maintenance. It has been ruled for us that the effect of the Jones Act is to enlarge the right of recovery. This goes only to the cause of action. The Jones Act says nothing about the right of action in the case of libels, but only in case of actions at law. The right of action in admiralty remains as before.

We think it follows that in this case this court has jurisdiction to try the libel case, and that the right of action is not limited to the New York district.

The conclusion reached is that the motion to dismiss should be denied. An appropriate order may be submitted.