McKOLA v. McCORMICK S. S. CO. et al.
No. 22681R.

District Court, N. D. California, S. D.
May 5, 1938.

Albert Michelson and Max Margolis, both of San Francisco, Cal., for libelant.

John H. Black and J. M. Wallace, both of San Francisco, Cal., for respondent.

ROCHE, District Judge.

This is a libel in Admiralty in which libelant seeks to recover damages for personal injuries, and also demands an award for maintenance and cure. Two of the libelees—Charles R. McCormick Lumber Company and Pacific Argentine Brazil Line—have moved to dismiss the libel and to quash the service of citation. They have appeared specially and asked that they be dismissed because of improper venue, the requirements of which they set forth by citing the following portion of the Jones Act: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." 46 U.S.C.A. § 688. Affidavits have been filed on behalf of complaining libelees in which it is stated that they are Delaware Corporations with their principal places of business in Delaware.

If this were an action at law, the above quoted sentence in the Jones Act would be controlling and the motions would be granted. Pakarinen v. Standard Oil Co., No. 18808–L; McFaul v. The Chas. R. McCormick Lumber Co., No. 19367–S[1]. But libelant is suing in Admiralty. In such a suit, venue rests in any district court where process may be served, so long as libelant acts in good faith. And venue continues to exist in a proper district court within which process has been served, even though libelant intends to avail himself of the additional admiralty rights bestowed upon seamen by the Jones Act. McDaniel v. Baker Sand & Gravel Co., D.C., 1928, 24 F.2d 987; Eckert v. Socony Vacuum Oil Co., Inc., D.C., 1935, 13 F.Supp. 342.

Several decisions, decided prior to the Eckert Case, are contrary to the doctrine which it upholds. But we believe that the two cited cases set forth the correct rule. The Jones Act was not intended to deprive seamen of venue rights which they already enjoyed in admiralty. Only when a suit is commenced on the law side of the court does the venue limitation set forth in section 688 of 46 U.S.C.A. apply. It is a sound rule which permits a seaman to sue in any district court where the employer may be served with process, if such service is made in good faith. The very case before us demonstrates the practicality of this rule. It enables libelant to try his cause of action before a court which also has all possible respondents before it. A second action in Delaware, brought against the complaining libelees, is thus avoided.

Respondent's motions to dismiss the libel and to quash service of citation are denied.

---

[1] No opinion for publication.