## BENNETT v. STANDARD OIL CO. OF NEW JERSEY.

### No. 2380.

District Court, D. Maryland.

July 6, 1940.

872

John H. Skeen, Howard H. Conaway, and Emory, Beeuwkes, Skeen & Oppenheim, all of Baltimore, Md., for plaintiff.

Henry L. Wortche and George Forbes, both of Baltimore, Md., for respondent.

## CHESNUT, District Judge.

The question presented in the above case is a very narrow one of venue jurisdiction. The libelant, a seaman employed by the Standard Oil Company of New Jersey, is suing under the Jones Act, 46 U. S.C.A. § 688, by libel in personam in admiralty to recover compensatory damages for personal injuries occasioned through the alleged negligence of the employer. The Jones Act contains a provision to the effect that venue jurisdiction shall be in the place of residence or principal office of the employer. In the present case service of process was made upon a Maryland statutory resident agent of the Standard Oil Company of New Jersey. Md. Acts of 1937, ch. 504, §§ 118, 119. A motion has been made to quash the service on the ground that the Standard Oil Company is a Delaware corporation whose principal office is in New York and not in Baltimore.

As is well known, the Jones Act for the first time gave seamen the substantive right to recover compensatory damages for personal injuries arising from negligence of the employer. Theretofore the admiralty law allowed only maintenance and cure unless the ship was unseaworthy. The Jones Act expanded the liability of the employer by giving compensatory damages resulting from negligence. The Act reads as follows: "§ 688. *Recovery for injury to or death of seaman.* Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an *action* for damages at law, with the right of trial by jury, and in such *action* all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an *action* for damages at law with the right of trial by jury, and in such *action* all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such *actions* shall be under the court of the district in which the defendant employer resides or in which his principal office is located." (Italics supplied.)

It will be noted the Act literally seems to refer only to actions at law with a jury trial, but in the case of Panama R. R. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748, the Supreme Court by construction, in order to avoid a constitutional difficulty, held that the expanded substantive remedy could be enforced by the seaman in suits in admiralty in personam as well as in suits at common law before a jury. In succeeding decisions by the Supreme Court it has also been held that this added liability may be enforced in the state courts (Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813); and where so enforced the venue limitation in the statute does not apply, although it does apply to suits in the federal courts. Bainbridge v. Merchants' & Miners' Trans. Co., 287 U.S. 278, 53 S.Ct. 159, 77 L.Ed. 302.

It is clear that if suit under the Jones Act is brought in the federal court *on the common law side,* the venue provision must be observed. Panama R. R. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; Olafson v. Waterman S. S. Corp., D.C., 281 F. 194; Caceres v. United States Shipping Board, D.C., 299 F. 968. Whether the venue limitation is likewise applicable to admiralty suits in personam where the Jones Act is relied upon is the controverted question here. On this particular point there seems to be no decision of the Supreme or other appellate federal court, and there is a diversity of decision among the district courts. In Stein v. Standard Oil Co. of Calif., D.C., 36 F.2d 258; Bannon v. Seaboard Air Line Ry. Co., D.C., 52 F.2d 886, and Lollo v. Weyerhauser SS. Co.,[1] S.D. Cal., it was held that the venue limitation did apply to admiralty suits in personam; while in McDaniel v. Baker Sand & Gravel Co., D.C., 24 F.2d 987; Eckert v. Socony Vacuum Oil Co., D.C., 13 F.Supp. 342; Carr v. Union Sulphur Co.[1] and McKola v. McCormick SS. Co., D.C., 24 F.Supp. 378, a contrary conclusion was reached.

---

[1] No opinion for publication.

The diversity of opinion reflects differing interpretations by the several courts of the effect of the decision of the Supreme Court in the case of Panama R. R. v. Johnson, supra. One view is that the decision incorporates in the general maritime law the additional substantive right of recovery by seamen for injuries due to negligence which may be enforced on the admiralty side of the court without the restriction as to venue, which it is thought was not intended to be applicable to suits in admiralty as distinct from suits at law. The contrary view proceeds upon the understanding that the Supreme Court in construing the statute held that the phrase "such action" was used in the broad sense to include suits in admiralty as well as actions at law; and therefore the concluding sentence of the statute with respect to venue applies to suits in admiralty based on the statute as well as to actions at law with a jury. There is something to be said, and has been said in the cited cases, for each of these respective interpretations of the Johnson case. The court was there dealing with a novel situation, and was concerned primarily with the constitutionality of the statute. The nature of the case was such that it was not necessary to determine whether the limitation as to venue applied to suits on the admiralty side of the court. It was, however, determined that the concluding sentence referred to venue jurisdiction only (which may be waived) rather than to general jurisdiction. While I have the view that the better reasoning supports the position that the venue limitation in the Seaman's Act is not applicable to an admiralty suit in personam (see especially the McDaniel case, supra) it is unnecessary to resolve this conflict in the cited cases because they were all decided prior to Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. ——, which, as I read it, introduced an important new principle in the application of federal procedural law as to appropriate venue in suits against foreign corporations. In the Neirbo case the Supreme Court dealt with the applicability of section 51 of the Judicial Code, 28 U.S.C.A. § 112, to a suit at law against a foreign corporation which had, in compliance with the law of the state where it was sued in the federal court, designated a statutory agent for the purpose of service of process on it in suits in that state. The general jurisdiction of the court in the case was based on diverse citizenship, 28 U.S.C.A. § 41(1), where the applicable venue provision was that the suit could be brought only in the district of the residence of either the plaintiff or of the defendant. In the particular case the action at law was brought in a district which was not the residence of either the plaintiff or the defendant. Nevertheless it was held that as venue jurisdiction was in the nature of a personal privilege to the defendant and could be waived by him specifically in any particular case, it could also be waived by a course of conduct from which it could reasonably be inferred that the corporation had surrendered or waived the privilege against suit generally in the particular state; and that such inference could properly be drawn from the compliance by the corporation with the foreign corporation law requiring the designation of a statutory resident agent for the service of summons in suits.

It is true that the particular case involved a suit at law where the general jurisdiction was diverse citizenship; but the reasoning of the opinion seems to make it clearly applicable also to suits at law arising under statutes of the United States where, if the amount in controversy is sufficient, the federal courts also have concurrent jurisdiction with the state courts under section 41(1) of Title 28 of the United States Code, 28 U.S.C.A. § 41(1), as well as in cases of diverse citizenship. Therefore it would seem to follow quite clearly that if the plaintiff were here suing at law in this federal court the defendant would not be entitled to abate the suit on the ground that the venue provision is applicable to it; because it has appointed such a resident agent in accordance with the Maryland foreign corporations laws; and indeed it is not denied that the Standard Oil Company of New Jersey is conducting a large and substantial business in the State of Maryland.

We thus have the following result. The alleged injured seaman in this case could validly have sued his employer in a Maryland state court and also in this federal court in an action at law under the Jones Act. And it is not disputed that if the suit were in admiralty under the so-called old rules, 28 U.S.C.A. following section 723 (that is, not specifically relying upon the Jones Act), the employer would also in this case be liable here to service in the suit. In re Louisville Underwriters, 134 U.S. 488, 493, 10 S.Ct. 587, 33 L.Ed.

991; Connecticut Fire Ins. Co. v. Lake Transfer Corp., 2 Cir., 74 F.2d 258. It is, however, contended by the respondent that because this suit is in admiralty and elects the benefit of the Jones Act the respondent is not amenable to process here. It is true that in the Neirbo case the court was not dealing with an admiralty case; but a careful study of the opinion leads me to the conclusion that the decision is based on a broad view of the proper amenability of foreign corporations in particular states to suits not only in the state but also in the federal courts, where the action of the corporation in designating a resident agent for service of summons and the general conduct of its business in the state is such as to reasonably warrant the inference that it has consented to be sued in that locality. In the particular case there is no suggestion of any real inconvenience to the employer in defending the suit here rather than in New Jersey, the state of its incorporation, or in New York where its principal business office is situated. The effect of holding the service good in this case is, of course, not to read the venue limitation out of the Jones Act. It applies as written and construed, unless waived specifically or by a course of conduct, whether the respondent be an individual or a corporation, in suits on the common law side of the federal courts; although as above indicated probably not to libels in admiralty in personam.

For these reasons I conclude that the motion to strike out the marshal's return of service of summons on the resident agent of the defendant should be, and it is hereby, *denied*.