### JORALEMON v. SOUTH ATLANTIC S. S. CO.

District Court, S. D. New York.
March 3, 1941.

Silas B. Axtell, of New York City (Dominick Blasi, of Brooklyn, N. Y., of counsel) for libelant.

Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for respondent.

MANDELBAUM, District Judge.

Respondent has moved for an order striking from the libel all allegations of negligence on the ground that jurisdiction to enforce a cause of action for negligence is under Section 33 of the Merchant Marine Act, 1920 (U.S.C.A. Title 46, § 688), and said statute specifically states: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located".

The libel pleads a cause of action in negligence and for maintenance and cure. It also sets forth defendant employer is a Delaware corporation with principal office and place of business in the City of Savannah, Georgia.

■ While it is true that the benefits of the Jones Act are available at law and in admiralty, the court is of the opinion that the venue requirements must be complied with in either forum. The act creates the right and must be accepted with the limitations imposed thereon in the Act itself. The Swiftarrow, D.C.E.D.Pa., 34 F. Supp. 541. This right of defendant to have a proper venue laid must be sustained unless waived by the defendant itself. Certainly it should not be disregarded because the libellant joins another cause of action for maintenance and cure in his libel.

The motion is granted. Settle order on notice.