**SMITH v. NICHOLSON UNIVERSAL S. S. CO.**

**No. 907.**

District Court, W. D. New York.

Dec. 26, 1941.

S. E. Sampliner, of Cleveland, Ohio, for plaintiff.

Russell V. Bleecker, of Cleveland, Ohio, for defendant.

KNIGHT, District Judge.

The defendant moves to withdraw its answer heretofore interposed and to dismiss the complaint for lack of jurisdiction.

The plaintiff has now amended his complaint to substitute as the party plaintiff a special guardian in place of the plaintiff.

The defendant has the right to answer the amended complaint and set up lack of jurisdiction or improper venue (either or both). Rule 12(b) Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendant has not waived its right to raise these questions (Rule 12(h) Rules of Civil Procedure), and it may raise them by answer or by motion. It has that right now after the amendment of the complaint.

1002

The plaintiff asserts that it has the right to bring suit in this district where service of process was made. There is authority for this claim. McDaniel v. Baker Sand & Gravel Co., D.C., 24 F.2d 987; Eckert v. Socony Vacuum Oil Co., D.C., 13 F.Supp. 342; McKola v. McCormick S. S. Co., D.C., 24 F.Supp. 378. The weight of authority is, in my judgment, to the contrary as respects the first alleged cause of action. Stein v. Standard Oil Co., D.C., 36 F.2d 258; Bannon v. Seaboard Air Line Ry. Co., D.C., 52 F.2d 886; Bennett v. Standard Oil Co., of New Jersey, D.C., 33 F.Supp. 871; The Swiftarrow, D.C., 34 F.Supp. 541. Special consideration is given to the comprehensive opinion rendered in the last-mentioned case. The first cause of action herein is an action in personam under the Jones Act, 46 U.S.C.A. § 688. The second cause of action is for maintenance and cure. This latter set up a cause in admiralty and has no relation to the Jones Act.

The motion to dismiss the first alleged cause of action is granted. The motion to dismiss the second cause of action is denied.